**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abuk Majak,<br><br>    Plaintiff,<br><br>v.<br><br>Starbucks Corporation,<br><br>    Defendant. | No. CV-25-01850-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc. 2). The Court will consider whether Plaintiff should be allowed to proceed in forma pauperis.

**I.    Legal Standards**

**A.    Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

**B.    28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines

how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

**I.    Screening**

    **A.    Ability to Pay**

The Court has reviewed Plaintiff's financial information (Doc. 2) and finds that he does not have the ability to pay the filing fee and still afford life's necessities. Accordingly, the motion will be granted.

Also, the Court will direct the Clerk of the Court to seal exhibit 2-1 because it includes personally identifiable information of Plaintiff. Plaintiff is advised that going forward, for his own benefit, he should redact any personally identifiable information consistent with Federal Rule of Civil Procedure 5.2.

    **B.    Screening**

Plaintiff is suing a former employer. (Doc. 1). Plaintiff brings four causes of action: 1) racial discrimination under Title VII (Doc. 1 at 7-8); 2) retaliation under Title VII (Doc. 1 at 8); 3) retaliation under the National Labor Relations Act ("NLRA") (Doc. 1 at 8-9); and 4) an alleged violation of the Family Medical Leave Act (Doc. 1 at 9-10). Having reviewed the complaint, and accepting all allegations therein and reasonable inferences drawn therefrom as true, the Court finds Plaintiff states a claim in Counts 1, 2 and 4.

- 2 -

Accordingly, the complaint may be served.

As to Count 3, the "NLRB's jurisdiction is in general exclusive[, and] if a claim falls within [its] purview, state and federal courts are preempted from hearing it." *Dist. No. 1, Pac. Coast Dist., Marine Engineers' Beneficial Ass'n, AFL–CIO v. Liberty Maritime Corp.*, 815 F.3d 834, 839 (D.C. Cir. 2016); *Lance v. Greyhound Lines, Inc.*, 244 F. Supp. 3d 147, 159 (D.D.C. 2017) (dismissing a constructive discharge claim under 29 U.S.C. § 158(a)(3) for lack of jurisdiction). Similarly, under *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236 (1959), known as the *Garmon* doctrine, "both state and federal courts generally lack original jurisdiction to determine disputes involving conduct actually or arguably prohibited or protected by the [National Labor Relations Act]." *United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus., Local No. 57 v. Bechtel Power Corp.*, 834 F.2d 884, 886 (10th Cir. 1987). For example, "Claims for retaliation due to protected union activity … constitute violations of the NLRA, and the *Garmon* doctrine applies to vest exclusive jurisdiction with the NLRB." *Elliott v. Tulsa Cement, LLC*, 357 F. Supp. 3d 1141, 1153 (N.D. Okla. 2019).

Based on the record before the Court via the allegations in the complaint, it appears that Plaintiff's claim for a violation of the NLRA would fall within the exclusive jurisdiction of the National Labor Relations Board. Plaintiff makes no legal argument for an exception to this general rule. Accordingly, Count 3 will be dismissed, without prejudice.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Count 3 is dismissed, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must serve the summons, complaint and a copy of this Order on Defendant within the time set by Federal Rule of Civil Procedure 4(m). Plaintiff may either serve the complaint through his own means, or file a motion asking for service by the U.S. Marshals. Any motion for Marshal service must be

1  filed within 14 days of the date of this Order.

2  **IT IS FINALLY ORDERED** that exhibit 2-1 shall be sealed by the Clerk of the

3  Court for the reasons stated above.

4  Dated this 3rd day of June, 2025.

James A. Teilborg
Senior United States District Judge