**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abuk Majak, | No. CV-25-01850-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Starbucks Corporation, | |
| Defendant. | |

On June 3, 2025, this Court issued an Order which concluded:

> **IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.
> …
> **IT IS FURTHER ORDERED** that Plaintiff must serve the summons, complaint and a copy of this Order on Defendant within the time set by Federal Rule of Civil Procedure 4(m).  Plaintiff may either serve the complaint through his own means, or file a motion asking for service by the U.S. Marshals.  Any motion for Marshal service must be filed within 14 days of the date of this Order. …

(Doc. 7).

Plaintiff's 90 days to serve under Federal Rule of Civil Procedure 4(m) ran August 27, 2025, and Plaintiff has not completed service.  As a result on August 25, 2025, Plaintiff moved for an extension of time to serve. (Doc. 9).  Plaintiff seeks an additional 90 days to serve.

There are two routes for the Court to extend time under Rule 4(m).  *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

The first is mandatory. Based upon the plain language of that Rule, "the district court **must** extend time for service upon a showing of good cause."

*Lemoge*, 587 F.3d at 1198.

The second is discretionary. Notwithstanding Rule 4(m), "if good cause is not established, the district court **may** extend time for service upon a showing of excusable neglect." *Id.*

Engaging in the two-step analysis which the Ninth Circuit requires, the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id.*

*Trueman v. Johnson*, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011) (cleaned up).

To establish good cause, a plaintiff must show: 1) excusable neglect; and Plaintiff may be required to also show: 2) the party to be served received actual notice of the suit; 3) the party to be served would suffer no prejudice; and 4) Plaintiff would suffer severe prejudice if the complaint were dismissed. *Lemoge*, 587 F.3d at 1198 n.3. In the absence of good cause, the Court must proceed to the second route, and decide whether, in its discretion, to extend the prescribed time for service. The Ninth Circuit Court of Appeals has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "that, under the terms of the rule, the court's discretion is broad." *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D. Hawai'i Aug.18, 2011) (quoting *In re Sheehan*, 253 F.3d at 513 (citation omitted)).

However, Court's broad discretion is not limitless. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test...." *Trueman*, 2011 WL 6721327 at *5.

That four-factor equitable test requires, at a minimum, examination of: 1) the danger of prejudice to the opposing party;[1] 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay;[2] and 4) whether the movant acted in good faith. *Ahanchian*, 624 F.3d at 1261. Those four enumerated factors are "not an exclusive list," however. *Lemoge*, 587 F.3d at 1195. "In some circumstances, the prejudice a denial would cause to

---

[1] "Prejudice to defendants 'requires greater harm than simply that relief would delay the resolution of the case.'" *Trueman*, 2011 WL 6721327, *4 (quoting *Lemoge*, 587 F.3d at 1196).

[2] The Court of Appeals has instructed that excusable neglect encompasses "negligence" and "carelessness." *Lemoge*, 587 F.3d at 1192.

- 2 -

the movant must also be considered, but it is not a fact that must be assessed in each and every case." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir. 2010). Thus, "what sorts of neglect will be considered 'excusable' ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395.

*Id*. at *6 (cleaned up, footnotes added).

In the motion, Plaintiff alleges he should be granted an extension of time to serve for two reasons. First, he claims he has been busy with work out of state. Second, he claims that he needs the income from this work to pay a process server. Neither of these reasons meets the "good cause" test articulated in *Lemoge*. Thus, the Court must consider the four-factor equitable test.

The Court finds that Plaintiff's claim of insufficient funds does not meet the excusable neglect test. In the June 3, 2025 Order, the Court advised Plaintiff that he could use the Marshals to serve his complaint, and Plaintiff chose not to seek this assistance. Plaintiff electing not to use available resources cannot create good cause.

Plaintiff's out of state work commitments may be excusable neglect; however, Plaintiff does not offer enough facts for the Court to make a finding. Plaintiff does not state how long he has been out of state, nor state why being out of state prevented him from prosecuting this case. Thus, the Court cannot determine whether Plaintiff acted in good faith, nor whether the reason for the delay is sufficient. As to the length of the delay, Plaintiff seeks an additional 90 days to serve, which the Court finds to be too long of a delay. Finally, Plaintiff makes a conclusory statement that "no party" will be prejudiced by the extension; but on this record, the Court cannot know if, for example, Defendant had records that it has purged that would otherwise have been retained if Defendant received notice sooner. Additionally, delay always runs the risk that memories fade and it is more difficult to recall events.

Thus, the Court cannot conclude that Plaintiff has shown excusable neglect that would justify a 90-day extension of time to serve. Nonetheless, the Court will exercise its discretion and grant Plaintiff a brief extension of time to serve.

The Court notes that in his motion, Plaintiff states that he will notify the Court if he

needs even more time than the 90 days sought in the motion.  Plaintiff is cautioned that,

> Plaintiff has a duty to prosecute this action "with reasonable diligence." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (internal quotation marks omitted). "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations." *Id.* at 525.

*Green v. Vlachos*, No. CV-20-00455-TUC-RM, 2022 WL 220491, at *1 (D. Ariz. Jan. 25, 2022).  Thus, there will be no further extensions of this deadline.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for extension of time to serve (Doc. 9) is granted to the limited extent that Plaintiff must serve Defendant by September 19, 2025.

**IT IS FURTHER ORDERED** that Plaintiff must file a proof of service by September 26, 2025.  If Plaintiff fails to file a proof of service by this date, the Court will dismiss this case.

Dated this 28th day of August, 2025.

James A. Teilborg
Senior United States District Judge