WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abuk Majak, | No. CV-25-01850-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Starbucks Corporation, | |
| Defendant. | |

Pending before the Court is the parties' stipulation to proceed to arbitration. (Doc. 15). In addition to stipulating to proceed to arbitration, the parties' request that this case be stayed while they arbitrate. (*Id.*). This request to stay the case is consistent with recent Supreme Court guidance that this Court should allow the case to remain open throughout arbitration and thereafter in the event either party wishes to petition this Court to confirm, modify, or vacate the arbitration award. *Smith v. Spizzirri*, 601 U.S. 472 (2024).

The Court notes that under 9 U.S.C. § 9, a petition to confirm, modify or vacate an arbitration award is due within one year of when the arbitration award is made. In *Spizzirri* the Court stated,

> The FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration by, for example, … facilitating recovery on an arbitral award, *see* §9. Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections. District courts can, of course, adopt practices to minimize any administrative burden caused by the stays that §3 requires.

*Spizzirri*, 601 U.S. at 478. This language seems to instruct this Court to leave this case open through the time to petition to confirm, modify or vacate. Such an instruction will require many cases to sit open on the Court's docket for a significant amount of time to allow the arbitration to be completed, followed by another year for a hypothetical petition to confirm, vacate or modify that never comes. The Court finds this approach inconsistent with the Civil Justice Reform Act which sets an expectation that this Court will resolve civil cases within 18 months of when they are filed. *See* 28 U.S.C. § 473(a)(2)(B) (district courts should have cases to trial within eighteen months of when they are filed). Nonetheless, it is the approach the Supreme Court appears to envision.

Conversely, *Spizzirri* does not technically define the language in its holding that the case must be stayed "pending arbitration." An argument could be made that such language means until the date of the award, at which time arbitration would no longer be "pending." This approach would at least cut a year off the time this case must be open. However, the above quoted language from *Spizzirri* hints against such an interpretation, so the Court will not adopt this interpretation even though it seems more consistent with the Civil Justice Reform Act.

Other district courts have engaged in a practice of administratively closing cases while the case proceeds to arbitration, and the parties request an administrative closure of this case in their stipulation. (Doc. 15). However, the procedural mechanism of an administrative closure is not found in the Federal Rules of Civil Procedure. Further, an administrative closure is not consistent with Federal Rule of Civil Procedure 58, which requires that every civil case conclude with a judgment. In this Court's view, for this Court to undertake a routine practice of "administrative closures", at minimum a general order approving such a practice seems desirable. This Court is unclear what other "practices" the Supreme Court envisions this Court adopting to "minimize administrative burdens."

Given that this case will remain open on this Court's docket, taken together with the requirements of the Civil Justice Reform Act, in this Court's view, this Court now maintains a duty to ensure the arbitration proceeds expeditiously. *See Henderson v.*

1  *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (recognizing the public's interest in
2  expeditious resolution of cases and the Court's duty to manage its docket). Thus, the Court
3  will require periodic status reports and take an active role in monitoring the progress of the
4  arbitration proceedings. If at any point the Court determines that either party is not
5  expeditiously pursuing arbitration consistent with the Civil Justice Reform Act, the Court
6  will entertain sanctions up to and including dismissing this case.
7      Based on the foregoing,
8      **IT IS ORDERED** granting the stipulation (Doc. 15). The parties are ordered to
9  proceed expeditiously to arbitration. This case is stayed pending arbitration.
10     **IT IS FURTHER ORDERED** that, within 60 days of the date of this Order, the
11 parties shall file a joint status report. The status report must include the schedule for
12 arbitration, including the date of the arbitration hearing.
13     Dated this 5th day of November, 2025.

_____
James A. Teilborg
Senior United States District Judge